————— &c. —————

## OCTOBER TERM, 1766.

### M‘KEEL's Lessee *vs.* WOOLFORD.

EJECTMENT for *Timber Point,* lying in Dorchester county.

The question was, whether a disseissee could devise lands of which he was disseised?

*Johnson,* for the Defendant, contended, that lands could not be devised at common law; and were only deviseable by statute or particular custom.—32 *Hen. VIII. ch.* 1. 34 *Hen. VIII. ch.* 5. *Plow.* 344. 1 *Mod.* 27, 217. *Bro. Ab. tit. Devise, pl.* 15. 1 *Rol. Ab.* 378, *pl.* 3. 1 *Salk.* 237. *Hob.* 746. *Law of Devises* 135. *Co. Litt.* 49, 39 *H. VI. fol.* 18. That the devisor must die seised. *Plow.* 485. 1 *Lev.* 18. *Cro. El.* 530. *Fitzgib.* 225. 2 *Burn.* 534.

*Goldsborough,* (Attorney-General,) contra, cited 2 *Vern.* 679. *Plow.* 344. *Law of Devises,* 86. *Co. Lit.* 3. b. 48. b. 94. b. 49. b. That there was a difference between being *disseised,* and being out of possession.—1 *Burr.* 60.

Oct. 1766.
McKeel
vs.
Woolford.

105, 107. Disseisin at *Election* is very different from *actual* disseisin.—3 *Cro. Car.* 303. *Roll. Ab.* 661. 1 *Burr.* 111, 112.

He said that the case of Col. *Mason vs. Spalding,* *(a)* was the first case, wherein a deed of bargain and sale executed off the land, was held to be void. That after purchased, land will not pass, unless the will is republished—he cited 1 *Fonb.* 207, *Note.* If the devisor has an equitable estate in lands, they will pass by general and sweeping words in a will.—1 *Cha. Ca.* 39. 2 *Ch. Ca.* 144. *Mosley* 262. 123. 1 *Vez.* 437. 494. *Pr. Ch.* 320. 2 *P. Will.* 629. 1 *Bro. Rep.* 226, 227. There is no disseisin unless there be an actual expulsion.—*Co. Litt.* 181. 1 *Salk.* 246. The consequences of *actual* disseisins, considered *as such,* continue law to this day. The disseisee cannot dispose or devise; the descent takes away his entry.—1 *Burr.* 112.

The Plaintiff suffered a *nonsuit.*

## OCTOBER TERM, 1766.

*(a)* October term, 1730. See ante page 484.